UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

       - against -　　　　　　　　　　　　Docket. No. 12 Cr. 505 (GBD)

SATNARINE SEEBACHAN,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**SENTENCING MEMORANDUM (SECOND SUPPLEMENTAL LETTER)**


                                Anthony L. Ricco, Esq.
                                Attorney For Satnarine Seebachan
                                20 Vesey Street, Suite 400
                                New York, New York 10007
                                (212) 791-3919



Steven Z. Legon, Esq.
Of Counsel and On the Memorandum

# ANTHONY L. RICCO

*Attorney At Law*
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007

TEL. (212) 791-3919  FAX. (212) 791-3940

STEVEN Z. LEGON, ESQ.
OF COUNSEL

June 25, 2014

**FILED BY ECF**

Hon. George B. Daniels
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:  **United States v. Satnarine Seebachan**
           Docket No. 12 Cr. 505 (GBD)

Dear Judge Daniels:

      This letter is the second letter written in response to the government's sentencing submission, which was filed on June 19, 2014. Sentencing in this case is presently scheduled for Friday, June 27, 2014, at 12:45 p.m.

### I.  Argument in Response

      In additional to providing the court with false information relating to the surveillance of Rita and Barry Seebachan on December 17, 2009, a review of the § 3500 material has revealed that the government withheld additional pertinent information from the court related to Rita Seebachan's disability.

      In order to defeat Barry Seebachan's claim that a custodial sentence would impose a hardship to his family, the government stated the following:

> The defense, however, presents no proof to this Court that, almost ten years after that determination, the defendant's wife still is fully disabled and the SSA does not require any such proof after its initial determination of disability (it is up to the

individual receiving the benefits to notify the SSA that s/he no longer suffers from the disability).

Indeed, during the course of the investigation, the Government found numerous examples, including facebook postings, utube videos, and other internet postings, where the defendant's wife was leading an active and productive life with no evidence of any back impairment or injury or constant pain. For example, the defendant's wife works as the manager of the defendant's band, called the G6 Revolution Band, even traveling abroad with them, and has hosted a thrice weekly radio show as well as being the manager of XposedTV, which works to get music on television. In addition, Government investigators observed the defendant's wife pushing a stroller, climbing into her Hummer without incident, and shopping during which she was able to easily left heavy objects, such as a baby car seat as well as reviewed photographs of the defendant's wife engaging in certain leisure activities, including driving herself to the Hamptons and sipping champagne at her pool. Further, the defendant's wife travels abroad to Canada and Trinidad for family vacations twice annually.

Accordingly, the defendant's claim that due to his wife's alleged disability, she will not be able to work and support the family during any period of his incarceration is called into serious question.

In response to the government's claim, the defense has filed with this court the March 2, 2005 Findings of Facts and Conclusions of Law of the Social Security Administration which sets forth the factual basis for Rita Seebachan's disability based upon medical testimony of an orthopedic surgeon and his significant diagnostic findings that Rita Seebachan's condition was permanent and resulted in both her full disability and inability to work, along with documentation that shows that the Social Security Administration continues to pay disability benefits.

In addition, the defense pointed out that the March 2, 2005, decision of the Social Security Administration did not preclude Rita Seebachan from traveling for vacation or accompanying her husband's band on the extremely rare trips that they took, driving an automobile, pushing a stroller, sitting in her backyard enjoying the family's pool, or giving birth to a child. The government claims that the foregoing events - which were not precluded by the 2005 decision of the Social Security Administration - when coupled with the observance of Rita Seebachan carrying a baby car seat and other heavy objects while

under surveillance, called into "serious question" Rita Seebachan's disability.

In addition to providing false statements concerning the surveillance of Rita Seebachan, the government failed to inform the court of the unsuccessful actions taken by the prosecutors and other government officials in an attempt to challenge and disprove Rita Seebachan's disability. Those actions demonstrate that the government is, in fact, aware "*almost ten years after that determination, the defendant's wife still is fully disabled.*"

<u>June 24, 2009 Meeting at the United States Attorney's Office</u>

In 2012, the Social Security Administration demanded that Rita Seebachan provide an update on her physical condition, prescription medications (pain killers), along with the names and contact information of her treating physicians. The request for this update came about as a result of a meeting which took place involving the government prosecutors in this case. However, the government has withheld this information from the court.

The government failed to notify this court that on June 24, 2009, a meeting was convened at the United States Attorney's Office for the Southern District of New York, between the federal prosecutors, agents from the New York State Investigator General's Office and a Special Agent from the Social Security Administration Investigator General's Office, to discuss the matter of Rita Seebachan's disability payments.

Although Rita Seebachan's actual Social Security Administration file was not present or actually reviewed at the meeting, her status was generally (and inaccurately) discussed.[1] It was concluded that the Special Agent with the Social Security Administration Investigator General's Office would request and acquisition Rita Seebachan's file and "open an investigation to determine whether Rita Seebachan is defrauding the government or engaging in other related improprieties." See, 3506 Z-2.

The government also failed to inform this court that Rita Seebachan's Social Security Administration file was, in fact, requisitioned and later made available to the prosecutors who were investigating Bronx Shepherds, and that an investigation was, in

---

[1] For example, as set forth in 3506 Z-2, the agents are surprised and suspicious that Rita Seebachan was receiving disability for only one child. However, once the file was requisitioned and reviewed, the agents discovered that Rita Seebachan had, in fact, placed her second child on her disability forms with the Social Security Administration. Her son, Devin Seebachan, was born on May 13, 2009, just six weeks prior to their June 24, 2009, meeting and therefore, Rita Seebachan had yet to receive the benefits. Both children did, in fact, receive benefits until Ciara reached her 18th birthday. Devin continues to receive benefits as a result of his mother's disability.

fact, opened by the Social Security Administration, as a result of the meeting. The government further failed to notify this court that the Social Security Administration conducted an investigation and review of Rita Seebachan's disability and found no evidence to support the prosecutor's suspicion of fraud and/or improprieties.

Rita Seebachan received a notification from the Social Security Administration, which indicated that her disability status was being reviewed. In accordance with the notification, Rita Seebachan did, in fact, provide the Social Security Administration with the status of her present condition, along with the name of the prescribed medication that she was taking, as well as the names and contact information of her treating physicians.

On August 15, 2012, several months after providing the above information, Rita Seebachan received written notice from the Social Security Administration that there was no need to review her case at that time. (See, August 12, 2012 notice attached hereto). Indeed, the Social Security Administration has continued to make disability payments with yearly increments to this date.

In response to Barry Seebachan's assertion of hardship to his family, the government opined to this court that it had no basis to determine whether Rita Seebachan was suffering from the disability ten years after the Social Security Administration's findings. This is false. The government withheld the foregoing information from the attention of this court, because the information simply does not support its position. To the contrary, it the meeting, investigation and providing of updated information by Rita Seebachan shows that government prosecutors in this case colluded with agents of the Social Security Administration to investigate Rita Seebachan, which ultimately led to a conclusion that there was no valid or lawful reasons to terminate her disability benefits.

In absence any proof to support its claim of fraud, the government resorted to providing false information and innuendo based upon Facebook and other internet photographs. As previously stated, the un-controverted judicial findings of Judge Stagno and the continued receipt of benefits by Rita Seebachan to date, is proof that corroborates the hardship raised by Barry Seebachan, as it relates to the families inability to meet its basic financial needs.

<u>Defense Request a *Fatico* Hearing</u>

The government has raised several other misleading claims in response to Barry Seebachan's sentencing submission. In addition to providing false information on the issue of hardship, the government has also provided false and misleading statements of the interview with his mother, Mrs. Muny Charles (Seebachan). During this interview, Mrs. Muny Charles (Seebachan) was asked she had any knowledge about money given

by her husband Mr. Charles Seebachan to his children. A review of the 3500 materials indicates that Mrs. Muny Charles (Seebachan) stated that her family was "well to do" in Trinidad and that her husband often provided his children with sums of money, and even provided Barry Seebachan with an automobile, but that Mr. Seebachan never disclosed to her the amounts of the money provided to his children. See, 3500 GG. To the extent that the court deems the statements made by the government accurate and material to sentencing issues either under the guidelines for § 3553(a), the defendant requests a *Fatico* hearing. In this way, the court can reach its determination based upon accurate testimony; not based upon Facebook pictures and/or unsupported false statements made by the government prosecutor.

## II. Conclusion

For all of the reasons set forth above, as well as in his previous sentencing submissions, Barry Seebachan requests that the court impose a non-custodial sentence which would permit him the opportunity to continue to provide for the emotional and economic stability of his family. In this case, a non-custodial sentence or alternatively, an intermitted sentence to be served on weekends, at variance with the guidelines, would be sufficient but not greater than necessary to punish Satnarine Seebachan and to protect the public from his future criminal conduct.

Respectfully,

*Anthony L. Ricco*
Anthony L. Ricco

ALR/jr
cc: A.U.S.A. Carrie Heather Cohen (By Email & ECF)

# Social Security Administration
## Important Information

001055 1 MB 0.404 0004 LTR CDR PC1 0812
RITA SEEBACHAN
40 HIGHFILED RD
GLEN COVE NY 11542-3518

Northeastern Program Service Center
1 Jamaica Center Plaza
Jamaica, New York 11432-3898
Date: August 15, 2012
Claim Number: 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 A

We sent you a letter telling you that we were going to review your disability case. However, we do not need to review your case at this time. Therefore, we will not contact your doctor now. We will keep any information that you have given us.

We will contact you later if we need to review your case.

### Things To Remember

It is important that you report changes right away. Be sure to tell us about any of the following changes:

- You return to work.
- Your job, pay or work expenses change, if you are working now.
- Your doctor says your health is better.

### If You Have Any Questions

We invite you to visit our website at www.socialsecurity.gov on the Internet to find general information about Social Security. If you have any specific questions, you may call us toll-free at 1-800-772-1213, or call your local Social Security office at 1-866-758-1318. We can answer most questions over the phone. If you are deaf or hard of hearing, you may call our TTY number, 1-800-325-0778. You can also write or visit any Social Security office. The office that serves your area is located at:

SOCIAL SECURITY
5TH FLOOR
211 STATION RD
MINEOLA, NY 11501

See Next Page

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 A                                                    Page 2 of 2
08/15/2012

If you do call or visit an office, please have this letter with you. It will help us answer your questions. Also, if you plan to visit an office, you may call ahead to make an appointment. This will help us serve you more quickly when you arrive at the office.

*Anne Jacobosky*

Anne Jacobosky
Assistant Regional Commissioner,
Processing Center Operations



## STATE OF NEW YORK
## OFFICE OF THE STATE INSPECTOR GENERAL
### Case Activity Report

| | | | |
|---|---|---|---|
| Case #: | ███████ | Date: | 06/24/09 |
| Investigator: | Alla Korsunskiy | Pages: | 1 |
| Item #: | ███ | | |
| Activity Conducted: | Meeting at SDNY with Janell Borrison | | |

On Wednesday, June 24, 2009 a meeting was convened at the United States Attorney's Office for the Southern District of New York, 1 St. Andrews Plaza, New York, NY, to discuss the matter of Rita Seebachan's disability payments. NYSIG's Senior Forensic Accountant W. Valentine Douglas and Forensic Accountant Alla Korsunkiy, AUSAs Rua Kelly and Pablo Quinones and Special Agent Janell R. Borrison of the SSA IG's Office of Investigations participated in the meeting. During the course of the meeting, information was exchanged about the Seebachan's financial activities and Special Agent Borrison reported the following preliminary findings about Seebachan:

Rita Seebachan is currently collecting Title II disability benefits for a back injury which prohibits her from working. The eligibility for Title II disability benefits does not take into the consideration spouse's employment status or income. Rita Seebachan's minor child is also collecting benefits as well. Borrison is unaware that Rita has a second child. There is currently only one child being claimed. Borrison was surprised that Rita wouldn't claim the second child.

Rita Seebachan applied for benefits in approximately 2003. Prior to applying for disability, Rita indicated that she worked at a salon or spa in NYC earning about $12,000-$15,000 annually.

Borrison indicated that she would request Rita's file. The file contains IRS records, initial application, medical reviews and other documents.

Borrison will open an investigation to determine whether Rita Seebachan is defrauding the government or engaging in other related improprieties.

_____
Investigator

_____
Supervisor

_____ (initials)
Chief of Investigations/
Executive Management Approval

*ONLY Required for Closing or if Overdue*

1

3506-Z.2